UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH ASH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-11 |
| | ) |
| ELI LILLY and COMPANY | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT WITH JURY DEMAND

Plaintiff, by counsel, for her Complaint against Eli Lilly and Company states as follows:

### JURISDICTION AND VENUE

1. Plaintiff in this suit brings claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA).

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Deborah Ash is a citizen of the United States and at all relevant times has been a resident of Johnson County, Indiana.

5. Defendant Eli Lilly and Company ("Lilly") is a domestic for-profit corporation that is headquartered in Marion County, Indiana.

6. Lilly is an "employer" within the meaning of the ADA.

7. At all relevant times, Ash, was an employee of Lilly within the meaning of the ADA.

## PLAINTIFF'S EMPLOYMENT WITH LILLY

8. The Plaintiff was employed as a senior administrative assistant at the Defendant from September 2016 until December 10, 2019.

9. The Plaintiff is a disabled individual who required an accommodation to perform the essential functions of her job beginning in June 2019.

10. The accommodation she required was to work remotely.

11. The Defendant granted this accommodation until October 2019, when it withdrew the accommodation.

12. At the time the accommodation was withdrawn, the Defendant provided no explanation about the reasons for the withdrawal of the accommodation.

13. Defendant failed to engage in the interactive process with the Plaintiff in connection with its withdrawal of the accommodation.

14. Plaintiff was unable to return to work in person due to her disability.

15. When she did not return to work in person, Plaintiff was terminated by the Defendant on or about December 10, 2019.

## ADMINISTRATIVE PROCEDURES

16. On March 12, 2020, Ash timely filed a charge of discrimination with the Equal Employment Opportunity Commission numbered 470-2020-01998.

17. After 180 days had passed since the filing of the charge, the Equal Employment Opportunity Commission issued a notice of right to sue on October 7, 2020.

18. Ash has 90 days to file a Complaint after her receipt of the notice, which time has not passed.

## COUNT I – DISABILITY DISCRIMINATION

19. Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

20. Defendant engaged in unlawful disability discrimination when it refused to allow Plaintiff a reasonable accommodation that would have allowed her to continue performing the essential functions of her job and then terminated her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deborah Ash prays for the judgment of this Court against Defendant Eli Lilly and Company providing the following relief:

A. An order directing the Defendant to reinstate the Plaintiff.

B. A permanent injunction enjoining Lilly, its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with it, from discriminating against employees because of their disability.

C. An award of back pay with prejudgment interest for the wages and other employment benefits and opportunities that the Plaintiff has lost as a result of her loss of benefits and/or termination.

D. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress, mental anguish, and other non-pecuniary losses that she has suffered because of Defendant's discriminatory conduct.

  E. Punitive damages in an amount to be determined by a jury to deter Defendant and other employers from engaging in discriminatory conduct in the future.

  F. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

  G. An award of reasonable attorneys' fees and costs.

  H. Such further relief as the Court deems necessary and proper in the public interest.

  Dated: January 4, 2021

  Respectfully submitted,

  MACEY SWANSON LLP
  /s/ Jeffrey Macey_____
  Jeffrey A. Macey, Atty No. 28378-49
  MACEY SWANSON LLP
  445 N. Pennsylvania Street, Suite 401
  Indianapolis, IN 46204
  Phone: (317) 637-2345
  Facsimile: (317) 637-2369
  jmacey@maceylaw.com

## JURY DEMAND

Plaintiff, by counsel, requests that this cause be tried to a jury on all issues so triable.

  \_s/Jeffrey A. Macey_____
  Jeffrey A. Macey, Atty No. 28378-49
  Attorney for Plaintiff